D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
David Keledjian (SBN 309135)
d.keledjian@d.law
Kevin Burns (SBN 352713)
k.burns@d.law
880 E. Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff DUSTIN SMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN SMITH, on behalf of himself and all others similarly situated, and the general public,<br><br>   *Plaintiff*,<br><br>  v.<br><br>UNITED SEATING AND MOBILITY, L.L.C., a Missouri corporation; NUMOTION, a business entity of unknown form; and DOES 1 through 50, inclusive,<br><br>   *Defendants*. | Case No.: 8:24-cv-00747-JVS-DFM<br><br>**<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1197.1 and 1198);<br>4. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>6. Failure to Indemnify (Lab. Code § 2802);<br>7. Unfair Competition for Sick Pay Practices (Bus. & Prof. Code §§ 17200 *et seq.*);<br>8. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DUSTIN SMITH ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against Defendants UNITED SEATING AND MOBILITY, L.L.C., a Missouri corporation; NUMOTION, a business entity of unknown form; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

> a.    failed to pay them overtime wages at the correct rate;
>
> b.    failed to pay them double time wages at the correct rate;
>
> c.    failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;
>
> d.    failed to provide them with meal periods;
>
> e.    failed to provide them with rest periods;
>
> f.    failed to pay them premium wages for missed meal and rest periods;
>
> g.    failed to pay them proper sick time pay;
>
> h.    failed to provide them with accurate written wage statements;
>
> i.    failed to reimburse them with necessary business expenditures; and
>
> j.    failed to pay them all their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, liquidated damages, penalties, injunctive relief, and other related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction to hear this case because the

1

SECOND AMENDED CLASS ACTION COMPLAINT

monetary damages and restitution sought by Plaintiff from Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.    Venue is proper pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this Orange County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

4.    Venue is proper because Defendants' have at all times alleged herein, conducted business in Orange County, and throughout California. As such, venue is proper in any county and/or District in California.

## PARTIES

5.    Plaintiff DUSTIN SMITH is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.    Plaintiff is informed and believes, and thereupon alleges that Defendant UNITED SEATING AND MOBILITY, L.L.C. is, and at all relevant times mentioned herein, a Missouri corporation doing business in the State of California.

7.    Plaintiff is informed and believes, and thereupon alleges that Defendant NUMOTION is, and at all relevant times mentioned herein, a business entity of unknown form doing business in the State of California.

8.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9.    Plaintiff is informed and believes, and thereupon alleges that, at all

SECOND AMENDED CLASS ACTION COMPLAINT

relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, owners, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent, and ratification by such other defendants.

10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

11.    This action has been brought and may be maintained as a class action pursuant to FRCP Rule 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

   a. **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California from February 29, 2020 and ending on the date that final judgment is entered in this action ("Hourly Employee Class").

   b. **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours from February 29, 2020 and ending on the date that final judgment is entered in this action.

   c.

   d. **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours from February 29, 2020 and ending on the date that final judgment is entered in this action.

   e. **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

   f. **Wage Statement Class**:  All persons employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

3

SECOND AMENDED CLASS ACTION COMPLAINT

    g. **Expense Reimbursement Class:**    All persons employed by Defendants in California who incurred business expenses from February 29, 2020 and ending on the date that final judgment is entered in this action.

    h. **UCL Sick Pay Class**:    All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California from February 29, 2020 and ending on the date that final judgment is entered in this action, and who accumulated sick pay and sick time employed by Defendants.

    i. **UCL Class:** All persons employed by Defendants, collectively or separately, and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California from February 29, 2020 and ending on the date that final judgment is entered in this action.

13. **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These common questions include, but are not limited to:

    a. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    b. Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    c. Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;

SECOND AMENDED CLASS ACTION COMPLAINT

d. Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

e. Whether Defendants failed to pay proper sick time pay;

f. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

g. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

h. Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

i. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

j. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes, and thereupon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

17. **Adequacy of Class Representative:** Plaintiff is an adequate class representative and has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class

SECOND AMENDED CLASS ACTION COMPLAINT

members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20. Plaintiff worked for Defendants as a non-exempt employee during the relevant and statutory periods.

21. Defendants had and have a common policy and practice of systemically failing to pay Plaintiff and Hourly Employee and UCL Class Members proper wages and overtime for all hours worked, at the proper rates of pay. First, Plaintiff and Hourly Employee and UCL Class Members were consistently required to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and Hourly Employee and UCL Class Members were required to conduct work activities before clocking in, such as moving company tools and maintenance on company vehicles, including fueling, inspecting, cleaning, checking tire pressure and oil level, and other maintenance. Defendants also required Plaintiff and Hourly Employee and UCL Class Members to move company tools and conduct other work activities after clocking out. Additionally, Plaintiff and Hourly Employee and UCL Class Members were required

SECOND AMENDED CLASS ACTION COMPLAINT

to perform work-related activities during unpaid meal periods. Finally, Defendants required Plaintiff and Hourly Employee and UCL Class Members to use their personal cell phones for work activities off-the-clock. The foregoing and uncompensated time was under the direction and control of Defendants, for which no wages were paid. Defendants continue these unlawful business practices currently.

22.    This uncompensated time caused Plaintiff and Hourly Employee and UCL Class Members to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and Hourly Employee and UCL Class Members to minimum and overtime wages, which they were systemically denied. Defendants continue these unlawful business practices currently.

23.    Defendants had a common policy and practice of systemically denying Plaintiff and Meal Period Sub-Class UCL Class Members the opportunity to take meal periods in compliance with the California Law. Specifically, due to understaffing and heavy workloads, including the pre-shift duties discussed above, Plaintiff and Meal Period Sub-Class UCL Class Members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work and second meal periods prior to the completion of the tenth hour of work. Furthermore, Plaintiff and Meal Period Sub-Class UCL Class Members were not relieved of all work duties during unpaid meal periods and were required to keep working during meal breaks. Defendants continue these unlawful business practices currently.

24.    Plaintiff and Meal Period Sub-Class UCL Class Members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised Meal Period Sub-Class UCL Class Members of their meal and rest period rights; and (3) Defendants' practice of requiring putative class members to continue working through their meal and rest periods due to the excessive workload. Defendants continue these unlawful business practices currently.

25. Defendants had a common policy and practice of systemically denying Plaintiff and Rest Period Sub-Class UCL Class Members the opportunity to take rest periods in compliance with the California Law. Plaintiff and Rest Period Sub-Class UCL Class Members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more and third rest breaks for shifts of ten (10) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and Rest Period Sub-Class UCL Class Members of their rest period rights; and (3) Defendants' policy and practice of requiring putative class members to continue working through their rest breaks due to the excessive workload. Defendants continue these unlawful business practices currently.

26. Furthermore, Defendants failed to pay Plaintiff and Rest Period Sub-Class, Meal Period Sub-Class, and UCL Class Members premium pay wages at their appropriate regular rates of pay for each meal and rest period denied. Defendants continue these unlawful business practices currently.

27. Plaintiff and Wage Statement Class Members were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to issue wage statements as "a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." Additionally, the wage statements issued to Plaintiff and Wage Statement Class Members were not recorded in "ink or other indelible form."

28. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

29. Defendants failed to comply with Labor Code section 226(a)(2) as "total

hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

30. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

31. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

32. Furthermore, Defendants failed to provide Plaintiff and Wage Statement Class Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and Wage Statement Class Members' wage statement were only provided in electronic format in violation of Labor Code § 226.

33. Plaintiff and Expense Reimbursement and UCL Class Members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiff and Expense Reimbursement and UCL Class Members were required to use their personal cell phones for work-related activities, incurring costs for phone and internet use and phone maintenance. Additionally, Defendants required Plaintiff and Expense Reimbursement and UCL Class Members to use their personal funds to wash and maintain company vehicles. Defendants never reimbursed Plaintiff and Expense Reimbursement and UCL Class Members for these necessary work expenses. Defendants continue these unlawful business practices currently.

34. Finally, Defendants had a common policy and practice of systemically failing to pay Plaintiff and UCL Sick Pay Class Members the requisite sick time pay in accordance with California Law. Specifically, Plaintiff and UCL Sick Pay Class Members worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12

9

SECOND AMENDED CLASS ACTION COMPLAINT

month period of work. Defendants continue these unlawful business practices currently.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7, 512, 1174, and 1198)

### (Plaintiff and Meal Period Sub-Class)

35. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

36. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

37. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

38. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

39. Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

40. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

41. Section 11 of the applicable Wage Order states:

SECOND AMENDED CLASS ACTION COMPLAINT

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

42. At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

43. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 and the applicable Wage Order. Specifically, due to understaffing and heavy workloads, including the pre-shift duties discussed above, Plaintiff and **Meal Period Sub-Class** members were denied the opportunity to take timely meal periods prior to the completion of their fifth hour of work and second meal periods prior to the completion of the tenth hour of work. Furthermore, Plaintiff and **Meal Period Sub-Class** members were not relieved of all work duties during unpaid meal periods and were required to keep working during meal breaks.

44. Plaintiff and **Meal Period Sub-Class** members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised **Meal Period Sub-Class** members of their meal and rest period rights;

and (3) Defendants' practice of requiring **Meal Period Sub-Class** members to continue working through their meal and rest periods due to the excessive workload.

45. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

46. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten (10) or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

47. Moreover, Defendants written policies fail to inform Meal period Class Members of their meal period rights under the Labor Code and applicable Wage Orders.

48. At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

49. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit for the period from March 1, 2021 and ending on the date that final judgment is entered in this action.

50. Pursuant to Cal. Bus. & Prof. Code § 17200, et seq. **UCL Class** members, seeks injunctive relief and costs of suit for the period from February 29, 2020 and ending on the date that final judgment is entered in this action.

51. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** and **UCL Class** members, seeks to

SECOND AMENDED CLASS ACTION COMPLAINT

recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

## (Lab. Code §§ 204, 223, 226.7 and 1198)

## (Plaintiff and Rest Period Sub-Class)

52.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

53.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

54.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten (10) minutes of net rest time for each four (4) hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

55.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

56.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

57.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

58.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten (10) uninterrupted minutes for each four (4) hour work period, or major fraction thereof, as required by the

13

SECOND AMENDED CLASS ACTION COMPLAINT

applicable Wage Order.

59.     Plaintiff and **Rest Period Sub-Class** members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift, including second rest breaks for shifts of six (6) hours or more and third rest breaks for shifts of ten (10) hours or more; (2) no formal compliant written rest period policy that encouraged employees to take their rest periods, or that properly advised Plaintiff and **Rest Period Sub-Class** members of their rest period rights; and (3) Defendants' policy and practice of requiring **Rest Period Sub-Class** members to continue working through their rest breaks due to the excessive workload.

60.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

61.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit for the period from March 1, 2021 and ending on the date that final judgment is entered in this action.

62.     Pursuant to Cal. Bus. & Prof. Code § 17200, et seq., **UCL Class** members, seeks injunctive relief and costs of suit for the period from February 29, 2020 and ending on the date that final judgment is entered in this action.

63.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** and **UCL Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

///

# THIRD CAUSE OF ACTION

## FAILURE TO PAY HOURLY AND OVERTIME WAGES

## (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

## (Plaintiff and Hourly Employee Class)

64.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

65.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

66.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

67.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

68.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

69.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

70.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

71.     Labor Code section 1197.1 provides that it is unlawful for any employer

15

or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

72.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

73.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

74.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

75.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half (1.5) times their respective regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and/or for the first eight (8) hours worked on the seventh consecutive day of one workweek.

76.    Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two (2) times their respective regular rates of pay for all hours worked in excess of twelve (12) hours in one workday and for all hours worked in excess of eight (8) hours on a seventh consecutive workday during the workweek.

77.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

78.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff

16

and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

79. Plaintiff and **Hourly Employee Class** members were not paid proper wages and overtime for all hours worked, at the proper rates of pay. First, Plaintiff and **Hourly Employee Class** members were consistently required to perform work, off-the-clock, for which they were not paid wages. Specifically, Plaintiff and **Hourly Employee Class** members were required to conduct work activities before clocking in, such as moving company tools and maintenance on company vehicles, including fueling, inspecting, cleaning, checking tire pressure and oil level, and other maintenance. Defendants also required Plaintiff and **Hourly Employee Class** members to move company tools and conduct other work activities after clocking out. Additionally, Plaintiff and **Hourly Employee Class** members were required to perform work-related activities during unpaid meal periods. Finally, Defendants required Plaintiff and **Hourly Employee Class** members to use their personal cell phones for work activities off-the-clock. The foregoing and uncompensated time was under the direction and control of Defendants, for which no wages were paid.

80. This uncompensated time caused Plaintiff and **Hourly Employee Class** members to work in excess of eight (8), ten (10), and twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiff and **Hourly Employee Class** members to minimum and overtime wages, which they were systemically denied.

81. As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

82. Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, liquidated damages, interest thereon and costs of suit for the period from March 1, 2021 and ending on the date that final judgement

is entered in this action.

83.    Pursuant to Cal. Bus. & Prof. Code § 17200, et seq., **UCL Class** members, seeks injunctive relief and costs of suit for the period from February 29, 2020 and ending on the date that final judgment is entered in this action.

84.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee UCL Class**  members, seeks to recover reasonable attorneys' fees.

## <u>FOURTH CAUSE OF ACTION</u>

### **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

### **(Lab. Code § 226)**

### **(Plaintiff and Wage Statement Penalties Sub-Class)**

85.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

86.    Labor Code section 226(a) states:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary

18

services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

87.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

88.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide Plaintiff and **Wage Statement Class** members with written wage statements as described above. Additionally, the wage statements issued to class members failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

89.    Furthermore, Defendants failed to provide Plaintiff and **Wage Statement Class** Members with paper pay stubs as required by Labor Code § 226, applicable Wage Orders, and DLSE Opinion Letters. Plaintiff's and **Wage Statement Class** members' wage statements were only provided in electronic format in violation of Labor Code § 226.

90.    Defendants failed to comply with Labor Code section 226(a)(8) as the wage statements issues to Plaintiff and **Wage Statement Class** Members failed to state "the name and address of the legal entity that is the employer."

91.    Plaintiff is informed and believes that Defendants' failure to provide Plaintiff and **Wage Statement Class** members with accurate written wage statements was intentional in that Defendants have the ability to provide them with accurate wage

19

statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

92.     Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

93.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

94.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

95.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

96.     At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately

20

SECOND AMENDED CLASS ACTION COMPLAINT

upon termination.

97.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

98.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all their final wages in accordance with the Labor Code.

99.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

100.   Plaintiff is informed and believes, and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members has been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

101.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

102.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable attorneys' fees and costs.

///

///

///

21

SECOND AMENDED CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

### (Plaintiff and Reimbursement Class)

103. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104. Labor Code section 2802(a) states:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

105. Plaintiff and **Expense Reimbursement Class** members were not reimbursed for business expenses incurred in executing their duties under Defendant's employ. Specifically, Plaintiff and **Expense Reimbursement Class** members were required to use their personal cell phones for work-related activities, incurring costs for phone and internet use and phone maintenance. Additionally, Defendants required Plaintiff and **Expense Reimbursement Class** members to use their personal funds to wash and maintain company vehicles. Defendants never reimbursed Plaintiff and **Expense Reimbursement Class** members for these necessary work expenses.

106. Accordingly, under Labor Code section 2802, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to during the period from March 1, 2021 and ending on the date that final judgment is entered in this action.

107. Pursuant to Cal. Bus. & Prof. Code § 17200, et seq., **UCL Class** members, seeks injunctive relief and costs of suit for the period from February 29 and ending on the date that final judgment is entered in this action.

108. Plaintiff, on behalf of himself, and **Expense Reimbursement and UCL Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6,

SECOND AMENDED CLASS ACTION COMPLAINT

and reasonable attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION FOR SICK PAY PRACTICES

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Sick Pay Class)

109.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

110.   Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

111.   Business and Professions Code sections 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

112.   California law requires employers to pay employees at least one hour of sick pay for every 30 hours of work, or at least 3 sick days of sick time for every 12 month period of work.

113.   Labor Code Section 246 affords an employee "who works in California for 30 or more days within a year from the commencement of employment [] paid sick days . . . of not less than one hour per every 30 hours worked" and "no less than 24 hours of accrued sick leave or paid time off by the 120th calendar day of employment or each calendar year, or in each 12-month period."

114.   Additionally, Subsection (l) of Section 246 provides:

> For the purposes of this section, an employer shall calculate paid sick leave using any of the following calculations:
>
> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek

in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

115.    Defendants had a common policy and practice of systemically failing to pay Plaintiff and Class Members the requisite sick time pay in accordance with California Law. Specifically, Plaintiff and **UCL Sick Pay Class** members worked for Defendants for more than 30 days, but were not paid at least one hour of sick pay for every 30 hours of work, or at least 3 days of sick time for every 12 month period of work.

116.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

117.    Defendants have or may have acquired money by means of unfair competition.

118.    Plaintiff is informed and believes, and thereupon alleges that Defendants violated Labor Code section 246, as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

119.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide proper sick time pay.

120.    Additionally, Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code section 246 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

121.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with sick pay under Labor Code Section 246.

122.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code

section 17200 *et seq.* Business and Professions Code section 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

123. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

124. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

125. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

126. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

127. Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

128. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order permanently enjoining

Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

129.    Pursuant to Business and Professions Code section 17203, Plaintiff seeks on behalf of himself and **UCL Sick Pay Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

130.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Sick Pay Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

131.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Sick Pay Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

132.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Sick Pay Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**EIGHTH CAUSE OF ACTION**

**UNFAIR COMPETITION FOR DERIVATIVE CLAIMS**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

133.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

134.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

135.    Business and Professions Code sections 17203-17204 allow a person who

26

SECOND AMENDED CLASS ACTION COMPLAINT

has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

136.   California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

137.   Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD, and SIXTH causes of action herein.

138.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

139.   Defendants have or may have acquired money by means of unfair competition.

140.   Plaintiff is informed and believes, and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 246, 354, 408, 512, 510,  553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802 as well as applicable Wage Orders, which make it a misdemeanor to commit the violations alleged herein.

141.   Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant meal and rest periods; pay for all hours worked at the proper rates of pay; proper sick pay wages; and reimbursement for necessary business expenditures.

142.   Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.  Business and Professions Code section 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business

SECOND AMENDED CLASS ACTION COMPLAINT

practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

143. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

144. Plaintiff is informed and believes that other similarly situated persons have been and continue to be subject to the same unlawful policies or practices of Defendants.

145. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

146. California's Unfair Competition Law ("UCL") permits injunctive relief for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

147. Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

148. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seeks an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

149.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

150.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

151.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

152.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

///

///

///

///

///

///

///

///

///

///

///

///

29
SECOND AMENDED CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

    a.  An order that the action be certified as a class action;

    b.  An order that Plaintiff be appointed class representative;

    c.  An order that counsel for Plaintiff be appointed class counsel;

    d.  Unpaid wages and overtime;

    e.  Actual damages;

    f.  Liquidated damages;

    g.  Unreimbursed expenses;

    h.  Injunctive relief;

    i.  Declaratory relief;

    j.  Pre-judgment interest;

    k.  Statutory penalties;

    l.  Costs of suit;

    m.  Reasonable attorneys' fees; and

    n.  Such other relief as the Court deems just and proper.

Dated:  October 11, 2024        D.LAW, INC.


                /s/David Keledjian
                Emil Davtyan
                David Yeremian
                David Keledjian
                Kevin Burns
                Attorneys for Plaintiff
                DUSTIN SMITH, and the putative class

SECOND AMENDED CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: October 11, 2024                    D.LAW, INC.


                                           /s/David Keledjian
                                           Emil Davtyan
                                           David Yeremian
                                           David Keledjian
                                           Kevin Burns
                                           Attorneys for Plaintiff
                                           DUSTIN SMITH, and the putative class